UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**HARRY SCOTT**

    **Plaintiff,**

-v-

**CITY OF DAYTON, et al.,**

    **Defendants.**

Case No. C-3-04-420

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING DEFENDANTS STEVEN MCCALL AND GARY LOWE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DAMAGES (Doc. #51)**

---

This matter is set for trial beginning December 10, 2007. Now before the Court is Defendants' Motion In Limine To Exclude Claims for Permanent Damages and Lost Wages. (Doc. # 51.)

The Defendants seek to exclude evidence and/or testimony pertaining to all of Plaintiff's potential claims for damages stemming from: (1) his potential inability to reproduce; (2) his loss of sexual function; (3) any permanent injuries allegedly stemming from the removal of his testicle; and (4) any evidence relating to his purported lost wages. The Defendants also argue that expert testimony is necessary to establish any causal connection between the alleged use of excessive force and the above claimed injuries. The Plaintiff responds that he can present testimony that he suffered the loss of a testicle, a permanent injury, as a result of the blunt force trauma caused by the Defendants. (Doc. #54.)

The Plaintiff testified in his deposition that he suffered the following medical and/or psychological injuries as a result of the alleged use of excessive force:

  (1) he may not be able to have children;

  (2) he is unable to have an erection;

  (3) he is withdrawn from sex and not functioning as a man; and

  (4) he is experiences pain in the groin area, and pain when he urinates.

(Deposition of Harry L. Scott ("Scott Dep.") 79-83, 99, 151 Jul. 21, 2006.)

  The Defendants now argue that the Plaintiff has not identified a single medical expert to testify at trial as to the causal relationship between his purported medical and/or psychological injuries and the alleged use of excessive force. The Plaintiff responds that, in this case, the permanency of his injuries are both within the common knowledge of a juror and that he has identified testimony that he suffered the permanent injury as a result of being subjected to excessive force.

  "Where an issue in a case involves a question of scientific inquiry which is not within the knowledge of lay witnesses or members of the jury, expert testimony is required to furnish the answers." *Chilson v. Conrad*, No. 2005-P-00444, 2006 WL 1816535 at *3 (Ohio Ct. App. July 3, 2006)(quoting *Stacey v. The Carnegie-Illinois Steel Corp.*, 101 N.E. 2d 897 (Ohio 1951)). "However, where the causal connection between an injury and its specific modality involve questions which are matters of common knowledge, expert medical testimony is unnecessary." *Id.* The distinction is whether the injury is readily observable or understandable or the injury is internal and unaccompanied by any observable evidence. *Id.*

  While there is evidence that Plaintiff has had one testicle removed, the damages which he alleges as a result of the removal are not matters of common knowledge or readily observable or understandable. Therefore, expert testimony is required and Plaintiff has identified none.

-2-

Dr. Mark Monsour, the only expert identified by the Plaintiff, has testified that Plaintiff's "reproductive capability would still be fairly good." (Deposition of Dr. Mark A. Monsour ("Dr. Monsour Dep.") 30, 37-38 June 1, 2007.) Dr. Monsour also testified that the injury to Plaintiff did not cause chronic or permanent trauma, that having only one testicle should not affect Plaintiff's functional status, that losing one testicle does not affect Plaintiff's ability to have an erection, that it would not be important for Plaintiff to seek counseling or psychological care and that Plaintiff should function "quite normally" with one testicle. (Id. 31-38.) All of these findings contradict Plaintiff's alleged damages.

The Plaintiff indicates that he will testify that the only blunt force trauma to his groin that he experienced prior to the removal of his testicle was the alleged use of excessive force by the Defendants and that Dr. Monsour will testify that, if this was the only blunt force trauma, it would have caused the removal of Plaintiff's testicle. (See Dr. Monsour Dep. 44-45.) However, this is not enough. Plaintiff must present expert testimony that the damages about which he complains were caused by the removal of his testicle.

The Sixth Circuit has held that, in the context of a § 1983 excessive force claim, a plaintiff can recover compensatory damages only if he proved actual injury caused by the denial of his constitutional right. *Ealy v. City of Dayton*, No. 95-3969, slip op. at 3 (6th Cir. Dec. 16, 1996)(citing *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994), *cert. denied*, 115 S. Ct. 199 (1994)). This same proximate-cause requirement applies to Plaintiff's other claims.

In this case, without expert testimony, Plaintiff has no admissible evidence that the alleged use of excessive force was the proximate cause of his potential inability to reproduce,

his loss of sexual function and any permanent injuries allegedly stemming from the removal of his testicle. Therefore, any evidence pertaining to the proximate cause of all of these potential claims is inadmissible.

In addition to the damages discussed above, Plaintiff claims that he had to miss approximately a month and a half of work due to the alleged use of excessive force. The Defendants argue that any evidence pertaining to Plaintiff's lost wages attributable to the alleged excessive force should also be excluded.

Plaintiff has not identified a medical expert to testify at trial that he was unable to perform his job. In fact, Dr. Monsour specifically testified that the injury did not cause chronic or permanent trauma. (Dr. Monsour Dep. 31.) Further, Dr. Monsour saw Plaintiff for the second and last time two days after removal of his testicle and did not recommend any treatment thereafter. (Id. 21.)

If Plaintiff is claiming lost wages due to the removal of his testicle, he must present medical evidence that removal of his testicle would result in the loss of work. The damages resulting from the removal of a testicle are not matters of common knowledge or readily observable or understandable and require expert medical testimony.

## CONCLUSION

Defendant's Motion In Limine to exclude evidence pertaining to Plaintiff's claims for damages stemming from (1) his potential inability to reproduce, (2) his loss of sexual function, (3) any permanent injuries allegedly stemming from the removal of his testicle, and (4) his lost wages is GRANTED. Plaintiff has identified no expert testimony that the above damages were the result of the loss of a testicle.

**DONE** and **ORDERED** in Dayton, Ohio, this Sixth day of December, 2007.

                                                             **s/Thomas M. Rose**

                                             _____
                                                         THOMAS M. ROSE
                                         UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record